**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert H. WALSH, Defendant-Appellant.**

**No. 83–1544.**

United States Court of Appeals, Sixth Circuit.

Argued Aug. 20, 1984.

Decided Sept. 14, 1984.

Charles A. Grossmann, argued, Flint, Mich., for defendant-appellant.

Robert Walsh, pro se.

Robert W. Haviland, Asst. U.S. Atty., Marc L. Goldman, Asst. U.S. Atty., Flint, Mich., Leonard R. Gilman, U.S. Atty., Detroit, Mich., Wayne F. Pratt, argued, Farmington, Mich., for plaintiff-appellee.

Before ENGEL and KENNEDY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

PER CURIAM.

Robert H. Walsh was convicted of one count of willfully failing to file an income tax return for 1980 in violation of 26 U.S.C. § 7203 and two counts of filing false exemption certificates in violation of 26 U.S.C. § 7205. At trial, Walsh based his defense on his belief that the income tax is unconstitutional. He appeals claiming that he was denied the right to self-representation.

About a month before trial, Walsh filed a motion seeking to defend himself pro se, "provided that standby advisory legal counsel is appointed to be available to Defendant for assistance." The District Court granted the motion in an order prepared by defense counsel that provided that all of defendant's motions or pleadings should first be presented to the advisory counsel.

During the trial, the court admonished Walsh several times outside the presence of the jury to consult with the advisory counsel to establish the correct legal procedure. Walsh, however, was able to file many pretrial motions, and to introduce evidence in the trial. The jury convicted Walsh of all the charges. Walsh was sentenced to two consecutive one-year terms of imprisonment, followed by five years of probation in lieu of a one-year suspended sentence. Walsh then filed a notice of appeal to this Court.

Walsh contends that the trial court's "requirement that he must use the advisory counsel and screen all motions through counsel was a limitation on his right to be his own attorney." The Supreme Court has recently in *McKaskle v. Wiggins*, —— U.S. ——, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), discussed when the participation of advisory standby counsel infringes a defendant's right to conduct his own defense, recognized in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

In *McKaskle*, the Court identified two limitations on advisory counsel participation. "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury." 104 S.Ct. at 951. "Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Id.*

In this case, Walsh made no showing that the participation of his advisory counsel undermined the jury's perception of his exercise of his *Faretta* right. The admonitions of the trial judge that Walsh quotes in his brief all took place outside the presence of the jury. Moreover, all of the admonitions appear to have involved Walsh's need for assistance in procedural matters. *McKaskle* states that the right to self-representation is not violated when standby counsel "assists the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony," nor when counsel "merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 954. The Court concluded that such participation was permissible "even in the unlikely event that it somewhat undermines the *pro se* defendant's appearance of control over his own defense." *Id.*

In addition, Walsh does not demonstrate any way in which the participation of his advisory counsel eroded his actual control of the defense. Walsh was required to submit his motions to advisory counsel for review, but not for approval. Walsh concedes that under *McKaskle*, participation by advisory counsel in procedural matters is permissible, but argues that his *Faretta* right was violated in this case where he was required to review substantive legal matters with counsel.

Walsh does not point to a single instance of conflict between counsel and defendant. He argues instead that the requirement created a chilling environment that could intimidate a defendant from vigorously pursuing his own notions for defense. In *McKaskle*, advisory counsel and the defendant clashed explicitly and repeatedly before the jury and outside its presence. The Court found no violation, however, where the defendant was given ample opportunity to explain his positions, and all conflicts regarding strategy were resolved by the trial judge in the defendant's favor. *Id.* at 953. The possibility of an intimidating atmosphere was far stronger in *McKaskle* than in the present case, where there seems to be no sign of conflict between counsel and defendant, and where the defendant does not argue that he was prevented from executing any strategy he chose.

Accordingly, the judgment of the District Court is affirmed.