RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 07a0209p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-5551

CLIMMIE JONES, JR.,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 96-00017—Todd J. Campbell, Chief District Judge.

Argued: April 26, 2007

Decided and Filed: June 5, 2007

Before: MOORE, COLE, and ROGERS, Circuit Judges.

_____

## COUNSEL

**ARGUED:** David L. Cooper, THE LAW OFFICE OF DAVID L. COOPER, Nashville, Tennessee, for Appellant. Paul M. O'Brien, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** David L. Cooper, THE LAW OFFICE OF DAVID L. COOPER, Nashville, Tennessee, for Appellant. Paul M. O'Brien, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

_____

## OPINION

_____

KAREN NELSON MOORE, Circuit Judge. Appellant-Defendant Climmie Jones, Jr. ("Jones"), was convicted by a jury of twenty-one drug and firearms charges. After two prior appeals and remands for resentencing and other proceedings, Jones now appeals his latest sentence of 168 months in prison, six years of supervised release, and a $1,050 special assessment. Jones argues through counsel that the district court erred by applying the preponderance-of-the-evidence standard for judicial fact-finding during sentencing and that his sentence was procedurally and substantively unreasonable. Jones also argues pro se that he was denied the right to represent himself, that the district court erred in calculating the length of two of his twenty-one concurrent six-year terms of supervised release, that his sentence violated the Double Jeopardy Clause, that he was denied access

1

to certain documents, and that he received ineffective assistance of counsel. Because the length of Jones's two terms of supervised release for his two firearms convictions exceeds the statutory maximum, and because eight of Jones's convictions subjected him to multiple punishments in violation of the Double Jeopardy Clause, we **VACATE** the judgment of the district court and **REMAND** for the limited purpose of entering an amended judgment that remedies these two errors.

## I. BACKGROUND

In 1996, a federal jury convicted Jones of one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; nine counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); seven counts of distribution of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. § 860; one count of aiding and abetting distribution of cocaine base, in violation of 18 U.S.C. § 2; one count of aiding and abetting distribution of cocaine base within 1000 feet of a school, in violation of 18 U.S.C. § 2; one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Jones was sentenced to 262 months in prison, ten years of supervised release, and a $1,050 special assessment, and he appealed on numerous grounds. On November 6, 1998, we affirmed the judgment of the district court in part, reversed in part, and remanded the case to the district court for resentencing and in order to allow Jones to pursue a claim of selective prosecution. *United States v. Jones (Jones I)*, 159 F.3d 969 (6th Cir. 1998).

After discovery on remand, Jones moved to dismiss the indictment for selective prosecution and moved for a new trial. On July 13, 2000, before the district court ruled on Jones's motions, Jones was declared incompetent to proceed. On January 4, 2002, Jones was declared competent, and, on August 27, 2002, the district court denied his motion to dismiss the indictment and his motion for a new trial. Jones was resentenced, this time to 210 months in prison, six years of supervised release, and a $1,050 special assessment, and he again appealed on numerous grounds. On March 3, 2005, we affirmed the judgment of the district court in most respects, but vacated Jones's sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Jones (Jones II)*, 399 F.3d 640 (6th Cir. 2005). On October 3, 2005, the United States Supreme Court denied Jones's petition for certiorari. *Jones v. United States*, --- U.S. ---, 126 S. Ct. 148 (2005).

Jones made a number of motions in the district court on the second remand, both through counsel and pro se, the relevant details of which we discuss in greater detail below. On April 10, 2006, the district court held a third sentencing hearing, at which Jones was sentenced to 168 months in prison, six years of supervised release, and a $1,050 special assessment. The district court also issued an order entitled "Rule 32(c)(1) Findings and Determinations Regarding Objections to Presentence Investigation Report," in which the district court addressed in greater detail a number of sentencing issues raised by Jones and the government. Jones timely appealed through counsel.[1]

## II. ANALYSIS

### A. Right to Self-Representation at Sentencing

Although the main focus of Jones's current appeal is on challenges to the district court's sentencing determination, we must first address two preliminary matters. Acting pro se, Jones first argues that he was denied his constitutional and statutory right to self-representation during pre-sentencing proceedings and at sentencing on the second remand. This court reviews de novo the

---

[1]Jones also filed a timely notice of appeal pro se, which resulted in Sixth Circuit Case No. 06-5549. The appeal in Case No. 06-5549 was dismissed as duplicative.

legal question of the scope of the right to self-representation.  *United States v. Cromer*, 389 F.3d 662, 679 (6th Cir. 2004).

Jones asserts that during a status conference on November 9, 2005, he informed the district court that he wished to represent himself.  The district court informed Jones that he could submit motions on his own behalf, but that counsel would be appointed for him and that he could resubmit his request to the district court if he later did not wish to be represented by counsel.  On January 7, 2006, Jones sent to the district court a letter along with a number of motions making clear that he wished to represent himself.  Thereafter, Jones filed numerous motions in the district court, introduced evidence during the sentencing hearing, and made arguments on his own behalf during the sentencing hearing, but continued to be represented by counsel as well.  The district court never ruled on Jones's request to represent himself.

In *Faretta v. California*, 422 U.S. 806 (1975), the Supreme Court held that the Sixth Amendment guaranteed a criminal defendant the right to represent himself or herself at trial.  *Id.* at 832.  Criminal defendants in federal courts also have a statutory right to "plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654.  Thus, we may safely say that a criminal defendant in federal court has a right to represent himself or herself at sentencing. *See United States v. Shanklin*, 193 F. App'x 384, 387-88 (5th Cir. 2006) (unpublished opinion), *cert. denied*, --- U.S. ---, 127 S. Ct. 1009 (2007); *United States v. Estrada*, 25 F. App'x 814, 819 (10th Cir.) (unpublished order), *cert. denied*, 535 U.S. 1010 (2002).  *But cf. United States v. Hyman*, No. 96-4855, 1998 WL 200320, at *3 (4th Cir. Apr. 27, 1998) (unpublished opinion) (concluding that once a defendant has proceeded to trial with counsel, the decision whether to grant the defendant's request to proceed pro se at sentencing lies within the discretion of the district court).

The exact contours of the right to self-representation, however, depend on the nature of the proceeding.  In *Faretta*, the Supreme Court noted that a trial court "may—even over objection by the accused—appoint a 'standby counsel.'"  *Faretta*, 422 U.S. at 834 n.46; *see also United States v. Walsh*, 742 F.2d 1006, 1006-07 (6th Cir. 1984).  In *McKaskle v. Wiggins*, 465 U.S. 168 (1984), the Court further defined the permissible role of standby counsel:

> First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury.  This is the core of the *Faretta* right.  If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance, the *Faretta* right is eroded.
> Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself.  The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy.

*Id.* at 178.  In proceedings outside the presence of a jury, the Court reasoned, only the first of these concerns is applicable.  *Id.* at 179.  In such proceedings, therefore, the defendant's right to self-representation is satisfied "if the *pro se* defendant is allowed to address the court freely on his own behalf and if disagreements between counsel and the *pro se* defendant are resolved in the defendant's favor whenever the matter is one that would normally be left to the discretion of counsel."  *Id.* (footnote omitted).  Because Jones's sentencing and all relevant pre-sentencing proceedings took place outside the presence of a jury, Jones's right to self-representation is limited accordingly.

In the proceedings below, Jones was allowed to submit multiple motions to the district court, introduce evidence and make arguments at the sentencing hearing, and address the court on his own behalf. Jones's appointed counsel made other motions on Jones's behalf, but the record does not reveal any instances in which Jones and his counsel disagreed on strategy or Jones's counsel undermined Jones's arguments. *Cf. id.* at 180-81 (concluding that a defendant was not denied his right to self-representation even though counsel, outside the jury's presence, "made motions, dictated proposed strategies into the record, registered objections to the prosecution's testimony, urged the summoning of additional witnesses, and suggested questions that the defendant should have asked of witnesses"); *Walsh*, 742 F.2d at 1007 (concluding that a defendant was not denied his right to self-representation by the appointment of advisory counsel because "there seems to be no sign of conflict between counsel and defendant, and . . . the defendant does not argue that he was prevented from executing any strategy he chose"). Moreover, Jones did not object to any of the motions or arguments made by his counsel. *See Wiggins*, 465 U.S. at 182 ("Even when he insists that he is not waiving his *Faretta* rights, a *pro se* defendant's solicitation of or acquiescence in certain types of participation by counsel substantially undermines later protestations that counsel interfered unacceptably."). In sum, we conclude that the record does not reveal any instances in which Jones was denied his right to self-representation at sentencing, despite the presence of counsel.

We observe, however, that the district court may have erred in this case by not ruling on Jones's request to represent himself. We have held that once a defendant has "clearly and unequivocally asserted his right to proceed *pro se*," as Jones did, the district court must give the defendant particular warnings designed to ensure that the defendant's waiver of counsel is knowing and voluntary. *Cromer*, 389 F.3d at 679-80, 682. Thus, had Jones and his counsel conflicted on questions of strategy, for example, reversal may have been warranted: if the district court resolved the conflict in favor of counsel, Jones's right to self-representation would have been violated; and if the district court resolved the conflict in favor of Jones, we would likely conclude that he had represented himself without knowingly and voluntarily waiving the right to counsel. The circumstances of this case demonstrate that Jones was not denied his right to self-representation, but we note that similar errors by a district court may very well require reversal in different circumstances.

## B. Request for Copies of Documents

Jones also argues pro se that the district court erred by refusing to allow him to copy certain documents from the record in order to help him prepare his sentencing arguments. It is difficult to determine the legal basis for Jones's argument and the appropriate standard of review, but Jones's claim fails even under de novo review. On July 11, 2005, Jones, acting pro se, filed a request for certain legal documents. On July 12, the district court denied the request "without prejudice to Defendant refiling the requests through his court-appointed counsel." District Court Record Entry 605 ("R. 605"). On November 9, 2005, Jones, again acting pro se, renewed his previous request. On December 14, the district court granted Jones's request in part and denied it in part. The district court reasoned that "[b]ecause the requested documents are voluminous, many of which are also under seal, the documents cannot be mailed to Defendant Jones at this time." R. 620. However, the district court ordered that Jones be transported to the courthouse to review and inspect the requested documents and noted that Jones could ask for selected copies at that time. On January 20, 2006, Jones, through counsel, made a motion to continue the sentencing hearing set for February 3, 2006, because Jones had not yet been given the opportunity to review and inspect the requested documents. That same day, the district court granted the motion and rescheduled the sentencing hearing for April 10, 2006. Thus, Jones was given the opportunity to review and inspect the requested documents. Jones has not argued that he was given insufficient time to review the documents and has not pointed to any documents that he was not allowed to review. It appears that

Jones received all the relief that he requested and, accordingly, we conclude that the district court did not err.

## C.  Standard for Judicial Fact-Finding in Sentencing

We next turn to Jones's challenges to the district court's sentencing determination. Jones argues through counsel that the district court violated his due process rights by using a preponderance-of-the-evidence standard to determine that the quantity of cocaine base that he possessed and distributed was 18.3 grams. We have previously determined that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *United States v. Gates*, 461 F.3d 703, 708 (6th Cir.), *cert. denied*, --- U.S. ---, 127 S. Ct. 602 (2006); *see also United States v. Barton*, 455 F.3d 649, 657-58 (6th Cir.), *cert. denied*, --- U.S. ---, 127 S. Ct. 748 (2006); *United States v. Green*, 181 F. App'x 506, 507-09 (6th Cir. 2006) (concluding that the district court did not violate the Due Process Clause by using a preponderance-of-the-evidence standard to determine the quantity of drugs for which a defendant was responsible). Accordingly, we conclude that the district court did not err by using a preponderance-of-the-evidence standard.

## D.  Reasonableness of Jones's Sentence

Jones also argues through counsel that his sentence was procedurally and substantively unreasonable. On appeal, we must determine whether a district court's sentencing determination was reasonable. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 1110 (2006). Reasonableness has both substantive and procedural components, and accordingly, we consider "not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Id.*; *accord United States v. Davis*, 458 F.3d 505, 510 (6th Cir. 2006); *United States v. Richardson*, 437 F.3d 550, 553-54 (6th Cir. 2006).

### 1.  Procedural Reasonableness

"A sentence may be procedurally unreasonable if 'the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quoting *Webb*, 403 F.3d at 383). Furthermore, when "a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Richardson*, 437 F.3d at 554.

Jones asserts through counsel that "the district court erred when it failed to consider certain mitigating factors for purposes of sentencing under 18 U.S.C. § 3553(a)." Appellant's Br. at 22. However, Jones does not actually identify any factors that the district court did not consider. Both the transcript of the sentencing hearing and the Rule 32(c)(1) Order reflect that the district court noted every one of the approximately twenty arguments that Jones made, either through counsel or pro se, in support of a sentence below the Guidelines range. The district court did not make specific determinations as to why each of the twenty arguments did not warrant a sentence below the Guidelines range, but generally relied on Jones's "history of violence and threats of violence."[2]

---

[2]The district court detailed Jones's history of violence:

> The Court is mindful of the danger that Mr. Jones has presented to the community of Rutherford County, Murfreesboro, Tennessee and that is set forth in paragraphs 11, 16, 17, 51 and 87 of the

Joint Appendix ("J.A.") at 192 (4/10/06 Sentencing Hr'g at 101); J.A. at 293-94 (Dist. Ct. Rule 32(c)(1) Order at 4-5).   In its Rule 32(c)(1) Order, the district court explicitly linked this determination to a number of relevant § 3553(a) factors, noting that a sentence below the Guidelines range "would not reflect the 'history and characteristics' of the Defendant or 'the seriousness of the offense'; provide 'just punishment'; 'afford adequate deterrence to criminal conduct'; or 'protect the public from further crimes of the Defendant.'" J.A. at 294 (Dist. Ct. Rule 32(c)(1) Order at 5); *see also* 18 U.S.C. § 3553(a).   Moreover, the record reflects that the district court did take many of Jones's arguments into account in deciding to sentence him to a sentence at the bottom of the Guidelines range:

> [I]n the opinion of the Court, I think Mr. Jones is a different man today than he was in 1995.  I think he has undergone efforts towards rehabilitation.  Seems to be turning his life around, and I am going to sentence Mr. Jones in the guideline range, but in the opinion of the Court, he should not be sentenced at the top of the range in that he is a different man than he was when he has been here twice before, and I am going to sentence him at the low end of the guideline range that I have determined that's applicable.

J.A. at 192-93 (4/10/06 Sentencing Hr'g at 101-02).   The record reflects that the district court considered all of Jones's arguments, the applicable Guidelines range, and the relevant § 3553(a) factors, and we therefore conclude that Jones's sentence was procedurally reasonable.

## 2.  Substantive Reasonableness

The thrust of Jones's reasonableness argument appears to be that, although the district court considered the appropriate factors, the district court gave too little weight to certain mitigating factors and thus sentenced Jones to more time in prison than was warranted—that is, that the sentence is substantively unreasonable.  "[A] sentence may [be] substantively unreasonable where the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any

---

presentence report.

Mr. Jones was arrested at a shopping mall with two fully loaded handguns and wearing a bulletproof vest.  That is paragraph 11.

Paragraph 16, he instructed a confidential informant to deliver a message to a law enforcement officer, Lieutenant McCullough.  The message was, tell Mickey I have two more guns and another bulletproof vest.

Such a threat to law enforcement is a very serious matter.  And the Court has already gone on record of the opinion that the threat was a motivating factor, in part, for any selection of Mr. Jones for prosecution.

Paragraph 17, Mr. Jones is threatening to kill a confidential informant.

Paragraph 51 recounts about loaded weapons in the possession of Mr. Jones at the time of his arrest.

Paragraph 87 recounts the incident of Mr. Collier, Mr. Jones' loaded shotgun in the presence of Mr. Collier and showed him knives and told him his family would be killed if certain actions weren't taken.

Joint Appendix ("J.A.") at 293-94 (Dist. Ct. Rule 32(c)(1) Order at 4-5) (quoting 7/28/03 Resentencing Hr'g at 142-43).

pertinent factor.'"**3** *Ferguson*, 456 F.3d at 664 (quoting *Webb*, 403 F.3d at 385) (third through sixth alterations in original). Because Jones was sentenced within the applicable Guidelines range, his sentence is credited with a "rebuttable presumption of reasonableness." *United States v. Williams*, 436 F.3d 706, 708 (6th Cir.), *petition for cert. filed*, No. 06-5275 (July 11, 2006).

Jones argues that the district court erred by not giving sufficient weight to six mitigating factors: 1) that Jones was subjected to racially discriminatory conduct by the police, *see Jones I*, 159 F.3d at 975-76 (describing in detail the "undeniably shameful" conduct of the police); 2) that distribution or possession of a particular amount of cocaine base carries the same Guidelines range as distribution or possession of one hundred times that amount of powder cocaine (often referred to as the 100:1 crack to cocaine ratio); 3) that Jones had been incarcerated in local jails for much of his prison term; 4) that Jones had demonstrated significant post-sentencing rehabilitation; 5) that Jones had a mental condition that required treatment; and 6) that similarly situated defendants had received lesser sentences. At least two of these factors do not lend significant support for a reduced sentence. First, it is difficult to see how the conduct of the police, however unprofessional it was, justifies a reduced sentence under the § 3553(a) factors. Second, we have previously determined that "applying the [100:1 crack to cocaine] ratio does not, *ipso facto*, make a sentence unreasonable under existing case law," *United States v. Caver*, 470 F.3d 220, 249 (6th Cir. 2006), and, like the defendant in *Caver*, Jones "has not demonstrated that the 100:1 ratio was unreasonable in his case," *id.*

The remaining factors do lend some support for a reduced sentence. Jones testified that his incarceration in local jails for much of his imprisonment thus far offered fewer services and was "extremely more harsh" than it would have been in federal prison, J.A. at 178-80 (4/10/06 Sentencing Hr'g at 46-48), indicating that a reduced sentence may "provide just punishment," 18 U.S.C. § 3553(a)(2)(A). Jones detailed his efforts at rehabilitation, indicating that a reduced sentence may be adequate "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), and "to provide the defendant with . . . other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D). Jones described his mental condition and treatment, providing further support that a reduced sentence may provide him with the most appropriate correctional treatment. 18 U.S.C. § 3553(a)(2)(D). Finally, Jones presented the profiles of five defendants who pleaded guilty to similar charges and received sentences of less prison time, which may provide some support for the argument that a reduced sentenced may be appropriate "to avoid unwarranted sentence disparities." 18 U.S.C. § 3553(a)(6).

---

**3**In *Webb*, the case in which we first set forth the proper scope of reasonableness review post-*Booker*, we did not use the term "substantive." In *United States v. McBride*, 434 F.3d 470 (6th Cir. 2006), we first described our holding in *Webb* as setting forth "both *substantive* and *procedural* components to our reasonableness review," *id.* at 475 n.3, but we did not set forth what each component entailed. In *Ferguson*, we first delineated which aspects of our reasonableness review, as set forth in *Webb*, are part of the procedural component and which aspects are part of the substantive component. *Ferguson*, 456 F.3d at 664. In many ways, the procedural and substantive components, as delineated by *Ferguson* and subsequent cases, appear to overlap. *Compare e.g.*, *id.* ("A sentence may be procedurally unreasonable if 'the district judge . . . neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a) . . . .'" (quoting *Webb*, 403 F.3d at 383)), *with id.* ("[A] sentence may [be] substantively unreasonable where the district court '. . . fail[s] to consider pertinent § 3553(a) factors . . . .'" (quoting *Webb*, 403 F.3d at 385) (third alteration in original)). We are, of course, currently bound by the delineation set forth in *Ferguson* and subsequent cases, *see Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); 6th Cir. R. 206(c) ("Reported panel opinions are binding on subsequent panels."), but regardless of how the components are delineated, we are primarily bound by the requirement set forth in *Webb*, the earliest of these cases, that we consider both "the length of the sentence" and "the factors evaluated and the procedures employed by the district court in reaching its sentencing determination," *Webb*, 403 F.3d at 383.

The district court determined that Jones's history of violence and threats of violence counterbalanced Jones's mitigating evidence and militated in favor of a within-Guidelines sentence and that Jones's mitigating evidence justified a sentence at the bottom of the applicable Guideline range, but no lower. Although Jones's mitigating evidence might warrant a below-Guidelines sentence in some circumstances, we cannot say that the district court gave an unreasonably large amount of weight to Jones's significant history of violence or an unreasonably small amount of weight to Jones's mitigating arguments. Accordingly, we conclude that his sentence was substantively reasonable.

## E.  Length of Two Terms of Supervised Release

Acting pro se, Jones argues that the district court erred by sentencing him to two six-year terms of supervised release for his two firearms convictions, counts twenty and twenty-one of the superseding indictment. We review de novo the district court's interpretation of a federal statute and the Sentencing Guidelines. *United States v. Palacios-Suarez*, 418 F.3d 692, 694 (6th Cir. 2005).

The district court sentenced Jones to twenty-one separate six-year terms of supervised release, to run concurrently. Jones does not challenge nineteen of those terms, but argues that the maximum term of supervised release that he could receive for each of his two firearms convictions is three years. Jones was convicted of one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Because each of these charges carries a maximum penalty of ten years in prison, 26 U.S.C. § 5871; 18 U.S.C. § 924(a)(2), these two convictions are classified as Class C felonies, 18 U.S.C. § 3559(a)(3). By statute, the maximum term of supervised release for a Class C felony is three years. 18 U.S.C. § 3583(b)(2); *see also* U.S.S.G. § 5D1.2(a)(2). Thus, we conclude that the district court erred by sentencing Jones to two six-year terms of supervised release for his two firearms convictions.[4]

## F.  Double Jeopardy

Acting pro se, Jones also argues that his sentence violated the Double Jeopardy Clause of the Fifth Amendment because eight of his convictions for violating 21 U.S.C. § 841(a)(1) were lesser-included offenses of his eight convictions for violating 21 U.S.C. § 860. We review questions of double jeopardy de novo. *United States v. DeCarlo*, 434 F.3d 447, 452 (6th Cir. 2006).

Under the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), if the same act constitutes a violation of two statutory provisions, the Double Jeopardy Clause prohibits punishing a defendant for both violations unless "each provision requires proof of an additional fact which the other does not." *Id.* at 304. Title 21 U.S.C. § 860 calls for increased penalties for "[a]ny person who violates section 841(a)(1) of this title . . . by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of" a school. 21 U.S.C. § 860(a). By the explicit terms of § 860, then, § 841(a)(1) is a lesser-included offense. Section 841(a)(1) does not require proof of any additional facts beyond what § 860 requires, and, therefore, the Double Jeopardy Clause prohibits punishing a defendant for violating both § 841(a)(1) and § 860. *See United States v. Jackson*, 443 F.3d 293, 300-02 (3d Cir. 2006); *United States v. Carpenter*, 422 F.3d 738, 747 (8th Cir. 2005), *cert. denied*, --- U.S. ---, 126 S. Ct. 1115 (2006); *United States v. White*, 240 F.3d 127, 132-33 (2d Cir. 2001); *United States v. Kakatin*, 214 F.3d 1049, 1051 (9th Cir.), *cert. denied*, 531 U.S. 911 (2000); *United States v. Freyre-Lazaro*, 3 F.3d

---

[4]We note that it appears that the district court's conclusion on this point was simply oversight. In both of the previous sentencing decisions in this case, the district court sentenced Jones to two three-year terms of supervised release for his two firearms convictions, the maximum authorized by statute.

1496, 1507 (11th Cir. 1993), *cert. denied*, 511 U.S. 1011 (1994); *United States v. Scott*, 987 F.2d 261, 266-67 (5th Cir. 1993).

The superseding indictment makes clear that eight of Jones's convictions for violating § 841(a)(1) were for the same acts as his eight convictions for violating § 860. In counts two, four, seven, nine, eleven, thirteen, fifteen, and eighteen, Jones was charged with possessing and distributing a particular quantity of drugs on a particular day, in violation of § 841(a)(1), and in counts three, five, eight, ten, twelve, fourteen, sixteen, and nineteen, Jones was charged with possessing and distributing the same quantity of drugs on the same day within 1000 feet of a school, in violation of § 860. The government is permitted to charge lesser-included offenses, but Jones could not constitutionally be convicted and sentenced under both § 841(a)(1) and § 860 for the same acts. *See DeCarlo*, 434 F.3d at 456. Even though Jones received concurrent sentences under § 841(a)(1) and § 860 for these charges, his convictions on counts two, four, seven, nine, eleven, thirteen, fifteen, and eighteen must be vacated because, as the Supreme Court has noted, the $50 special assessment[5] on each conviction amounts to unconstitutional multiple punishments, and the extra convictions hold the potential for adverse collateral consequences. *Id.* at 457 (citing *Rutledge v. United States*, 517 U.S. 292, 302 (1996)).

## G. Ineffective Assistance of Counsel

Finally, Jones argues pro se that he received ineffective assistance of trial counsel. In order to succeed on these claims, Jones must show that his counsel was deficient and that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We ordinarily will not rule on ineffective assistance of counsel claims raised on direct appeal because the record has not been sufficiently developed to review such claims, *see United States v. Wagner*, 382 F.3d 598, 615 (6th Cir. 2004), but because Jones's ineffective assistance of counsel claims are predicated on three underlying claims resolved on the merits here, we can resolve Jones's ineffective assistance of counsel claims as well.

Jones argues that his counsel was ineffective for not raising three of the claims discussed above: that Jones was entitled to represent himself; that the district court erred by sentencing Jones to two six-year terms of supervised release for his two firearms convictions; and that Jones was subjected to multiple punishments in violation of the Double Jeopardy Clause. Because we are granting Jones relief on his supervised-release and double-jeopardy claims, his ineffective assistance of counsel claims predicated on these two claims are moot. *See United States v. Milledge*, 109 F.3d 312, 316 n.2 (6th Cir. 1997). Because we conclude that Jones was not denied the right to represent himself, it is clear that counsel was not constitutionally ineffective for failing to raise that claim. *See Mapes v. Coyle*, 171 F.3d 408, 427 (6th Cir.), *cert. denied*, 528 U.S. 946 (1999). Accordingly, we conclude that Jones is not entitled to relief on the ineffective assistance of counsel claims that he has raised.

## H. Remedy

As explained above, Jones is entitled to relief on two issues: 1) the length of his two terms of supervised release for his two firearms convictions must be reduced from six years to three years; and 2) his convictions on counts two, four, seven, nine, eleven, thirteen, fifteen, and eighteen must be vacated, as must the corresponding terms of imprisonment, terms of supervised release, and

---

[5]The special assessment was increased to $100 per felony in 1996. *See* 18 U.S.C. § 3013. However, Jones is entitled to the benefit of the previous assessment of $50 per felony because he committed his crimes before the increase and applying the $100 assessment would therefore violate the Ex Post Facto Clause. *United States v. Prather*, 205 F.3d 1265, 1272 (11th Cir.), *cert. denied*, 531 U.S. 879 (2000); *United States v. Labeille-Soto*, 163 F.3d 93, 101-02 (2d Cir. 1998).

special assessments.  Because these amendments to the district court's judgment are ministerial in nature, we believe that a limited remand is appropriate to permit the district court to conform the judgment to make these two specific corrections.  *See* 28 U.S.C. § 2106 (stating that we "may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances"); *see also United States v. Moore*, 131 F.3d 595, 597-98 (6th Cir. 1997) (describing our authority to order a limited remand). We do not believe that another resentencing hearing would be necessary or appropriate on remand, as we simply direct the entry of a corrected judgment.

### III.  CONCLUSION

Because the length of Jones's two terms of supervised release for his two firearms convictions exceeds the statutory maximum, and because eight of Jones's convictions subjected him to multiple punishments in violation of the Double Jeopardy Clause, we **VACATE** the judgment of the district court and **REMAND** for the limited purpose of entering an amended judgment that remedies these two errors.