**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0626n.06
Filed: August 28, 2007

**No. 06-2474**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **STEVEN WALLACE**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE and GRIFFIN, Circuit Judges; WATSON, District Judge[*]

**R. GUY COLE, JR., Circuit Judge.** After Steven Wallace pleaded guilty to being a felon in a possession of a firearm, possession with intent to deliver marijuana, and possession of a firearm during the commission of a drug crime, the district court sentenced him to 200 months' imprisonment. On appeal, Wallace challenges the reasonableness of this sentence. For the following reasons, we **AFFIRM**.

**I. BACKGROUND**

On March 9, 2004, Michigan State police troopers stopped a car driven by Wallace after observing that it had a damaged side-view mirror. When the troopers approached the car, they

---

[*]The Honorable Michael H. Watson, United States District Judge, Southern District of Ohio, sitting by designation.

smelled marijuana. Upon questioning, Wallace stated that he had been smoking marijuana at a friend's house. The troopers asked Wallace to exit the car, whereupon they frisked him and found a small club-like weapon in his jacket pocket, tobacco rolling papers and numerous small Ziploc bags in his trouser pockets, and a .22 caliber revolver in his trouser waistband. A search of the car uncovered sixteen small bags of marijuana (totaling 76.56 grams), six blue tablets suspected of being Valium, a small electronic scale, and twenty-two rounds of ammunition matching the revolver found on Wallace. The troopers placed Wallace under arrest.

State criminal proceedings were initiated against Wallace, however, the state dismissed the case and referred it to the United States Attorney's Office for federal prosecution in accordance with the "Project Safe Neighborhoods" program. Project Safe Neighborhoods "is a Department of Justice initiative that encourages state and federal law enforcement, as well as other segments of the community, to collaborate in the reduction of 'gun crime in America.'" *United States v. Thorpe*, 471 F.3d 652, 655 (6th Cir. 2006). Under the initiative, state law enforcement officials refer cases involving gun crimes to the local United States Attorney's Office for federal prosecution instead of state prosecution. *Id.*

On May 13, 2004, Wallace was charged in a three-count indictment in federal district court with (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); and (3) possession of a firearm during the commission of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A). After initially pleading not guilty, on March 7, 2006, Wallace, represented by counsel, pleaded guilty to all three counts without a plea agreement, preserving all his appellate rights.

The district court sentenced Wallace on November 13, 2006. Because Wallace was convicted under 18 U.S.C. § 924(c) and because he had been convicted of two prior state controlled-substance felonies, the district court sentenced Wallace as a "career offender," under U.S.S.G. § 4B1.1(c)(3) (2004), which, even with a three-level reduction for acceptance of responsibility, suggested a Guidelines range of 262 to 327 months' imprisonment. Had Wallace not qualified as a career offender, the Guidelines would have suggested a sentencing range of only 117 to 131 months' imprisonment. After finding that Wallace's Guidelines range was "slightly overstated" and that the "length of sentence [was] [un]necessary to meet the factors set forth in the sentencing statute," the district court sentenced Wallace to 200 months' imprisonment.

## II. DISCUSSION

On appeal, Wallace argues that his sentence was both procedurally and substantively unreasonable. This Court reviews a criminal sentence for reasonableness. *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007). "Reasonableness has both substantive and procedural components, and accordingly, we consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Id*. (citations and internal quotation marks omitted). The United States Supreme Court recently decided *Rita v. United States*, 127 S. Ct. 2456 (2007), which held that a court of appeals may apply a nonbinding, rebuttable presumption of reasonableness to a within-Guidelines sentence. *Id*. at 2462–63. We do not, however, "adopt a presumption of unreasonableness" because Wallace received a below-Guidelines sentence. *Id*. at 2467 ("Appellate courts may not presume that every variance from the advisory Guidelines is unreasonable.").

**A. Procedural Reasonableness**

"A sentence may be procedurally unreasonable if 'the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). To satisfy this procedural requirement the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita*, 127 S. Ct. at 2468. The amount of reasoning required varies according to context, and we have never required a "ritualistic incantation" of the § 3553(a) factors. *United States v. McBride*, 434 F.3d 470, 474 (6th Cir. 2006).

Here, the district court correctly calculated the applicable Guidelines range, noting its advisory nature. The court then went on to address the relevant § 3553(a) factors. The district court highlighted the unusual circumstances of this case: Wallace "came from a very good home"; "[h]is siblings ha[d] not found themselves in the same position"; and Wallace was able "to function and make strides and accomplish things under the watchful eye of the Court," but not while free. *See* 18 U.S.C. § 3553(a)(1). The district then considered Wallace's history and characteristics, noting his age, his supportive family, his five children, his drug addiction, and that this was his fifth criminal conviction involving "narcotics or firearms or both." *See id*. The district court also considered the nature of the offense and Wallace's prior convictions, describing them as involving weapons and

small quantities of drugs. *See id*. The district court considered the kinds of sentences available, recommending that Wallace participate in a drug-treatment program and vocational-training programs while in prison, and taking into account that at the time Wallace pleaded guilty he was facing a Guidelines range of only 180 to 212 months' imprisonment based on his then-known criminal history. *See id.* §§ 3553(a)(3) and (a)(2)(D). Finally, the district court concluded that Wallace's suggested range of 262 to 327 months was "slightly overstated" and unnecessary to meet the factors set forth in § 3553(a). For procedural reasonableness, this is all that this Court requires. *See, e.g.*, *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir.2007) ("[A] sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion."); *accord Rita*, 127 S. Ct. at 2548 (explaining that a sentencing judge must set forth enough to satisfy appellate review and a full opinion is not necessary in every case).

Nonetheless, Wallace maintains that his sentence was procedurally unreasonable because the district court failed to take into account the racially discriminatory nature of the Public Safe Neighborhoods program, which he contends disproportionately selects Blacks for federal prosecution, and that the district court failed to appreciate that the Guidelines over-represented his criminal history.

The district court was under no obligation to take into account that Wallace's prosecution in federal court was allegedly racially motivated. As an initial matter, this is not the sort of circumstance contemplated in any of the § 3553(a) factors, and therefore the district court did not err when it refused to vary its sentence downwardly because of it. In any event, to set forth a

selective-prosecution claim, Wallace must present some evidence tending to show that the Project

Safe Neighborhoods program has a discriminatory effect and intent. *See Thorpe*, 471 F.3d at 657.

Wallace has not made this showing, and concedes as much.

Finally, Wallace's contention that the district court failed to appreciate that the Guidelines

over-represented his criminal history is meritless. The district court expressly noted that the

Guidelines over-represented Wallace's criminal history when it stated that "the guideline range is

slightly overstated," and that the suggested Guidelines range "[was] [un]necessary to meet the factors

set forth in the sentencing statute." To the extent that Wallace argues that the district court should

have varied more, that is properly seen as a substantive-reasonableness challenge and is addressed

below. Thus, we hold that the district court imposed a procedurally reasonable sentence.

**B. Substantive Reasonableness**

"A sentence may be substantively unreasonable where the district court selects the sentence

arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors,

or gives an unreasonable amount of weight to any pertinent factor." *Jones*, 489 F.3d at 252

(alterations and internal quotation marks omitted).

In challenging the substantive reasonableness of his sentence, Wallace first contends that the

200-month sentence is unreasonable because it is significantly harsher than the maximum forty-six

months' imprisonment he would have been facing had he been prosecuted in state court. Although

Wallace's convictions may have carried a maximum sentence of only forty-six months in Michigan,

this has no bearing on Wallace's federal sentence. Indeed, one of the principal motivations behind

the Guidelines is to eliminate sentencing disparities in the *federal* system. 18 U.S.C. § 3553(a)(6);

*see also, e.g.*, *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006) ("In *Booker* itself, the Court indicated that reasonableness review will permit appellate courts to minimize sentencing disparities between and among district courts (and between and among courts of appeals).") (citing *United States v. Booker*, 543 U.S. 220, 263 (2005)). As the Seventh Circuit has explained,

> Reducing a federal prisoner's sentence to accord with that of a similarly situated state convict may decrease one sentencing disparity but simultaneously enlarges another: that between the federal convict and all similarly situated federal convicts. Because penalties vary from state to state, sentence reductions to approach state penalties similarly vary with the state in which the federal sentencing court sits, unjustifiably creating disparities among federal convicts.

*United States v. Wurzinger,* 467 F.3d 649, 654 (7th Cir. 2006) (internal citation omitted). Thus, Wallace's argument that his sentence is too harsh in light of comparable state convictions is unavailing.

Wallace also argues that the district court "failed to appreciate that the guidelines generally encourage departures based upon over-representation of criminal history." Wallace is wrong as a matter of law and fact. First, U.S.S.G. § 4A1.3(b)(1) states that a downward departure *may* be warranted if reliable information indicated that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history. Under no circumstances do the Guidelines mandate a departure. Second, the district court *did* downwardly vary the sentence after concluding that the suggested Guidelines range was "slightly overstated" and "[un]necessary to meet the factors set forth in the sentencing statute." Indeed, the district court varied sixty-two months below the low end of the suggested sentencing range—an almost twenty-five percent downward variance.

To the extent that Wallace argues that the district court should have varied *more*, Wallace has presented nothing that would indicate that a larger variance was warranted. General allegations that a sentence is longer than needed to achieve the goals of punishment articulated in § 3553(a) do not help establish unreasonableness. *United States v. Dexta*, 470 F.3d 612, 616 (6th Cir. 2006). There is nothing to indicate that the district court imposed an arbitrary sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to one factor. To the contrary, the district court carefully reviewed and weighed all relevant information provided by Wallace and the United States Probation Office before arriving at Wallace's sentence. The district court's final sentence was not random, but a reflection of its consideration of the Guidelines range and the § 3553(a) factors.

### III. CONCLUSION

For these reasons, we **AFFIRM** the sentence imposed by the district court.