NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0421n.06

No. 14-4143

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jun 08, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| MIGUEL CANO-LOPEZ, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GRIFFIN and DONALD, Circuit Judges; TARNOW, District Judge.[*]

PER CURIAM. Miguel Cano-Lopez appeals his sentence. We affirm Cano-Lopez's sentence of imprisonment but remand for resentencing limited to supervised release.

Pursuant to a written plea agreement, Cano-Lopez, a Mexican citizen, pleaded guilty to an information charging him with illegal reentry of a removed non-citizen in violation of 8 U.S.C. § 1326(a). Cano-Lopez's presentence report set forth an advisory Guidelines range of two to eight months of imprisonment. Varying upward from that range, the district court sentenced Cano-Lopez to twelve months of imprisonment followed by two years of supervised release. In this timely appeal, Cano-Lopez contends (1) that the district court imposed an illegal term of supervised release and (2) that his twelve-month sentence of imprisonment is substantively unreasonable.

---

[*]The Honorable Arthur J. Tarnow, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

Cano-Lopez asserts, and the government concedes, that his two-year term of supervised release exceeds the statutory maximum. Cano-Lopez's illegal reentry conviction is a Class E felony with a maximum term of supervised release of one year. *See* 8 U.S.C. § 1326(a); 18 U.S.C. §§ 3559(a)(5), 3583(b)(3). The district court therefore erred in imposing a two-year term of supervised release.

Citing *United States v. Jones*, 489 F.3d 243 (6th Cir. 2007), the government argues that a resentencing hearing is unnecessary and that the appropriate remedy is to remand for the limited purpose of entering a corrected judgment decreasing Cano-Lopez's term of supervised release from two years to one year. In *Jones*, this court held that the district court erred in sentencing the defendant to two six-year terms of supervised release for his two firearms convictions—in excess of the three-year statutory maximum. *Id*. at 253–54. However, that error was "simply oversight" because the district court had previously sentenced the defendant to three-year terms of supervised release for his firearms convictions and the defendant did not contest his sentence as to nineteen other terms of supervised release for six years each. *Id*. at 254 n.4. Therefore, amendment of the district court's judgment is *Jones* was "ministerial in nature." *Id.* at 253.

Here, it is less clear whether the district court's error was simply oversight because it did not explain its reasoning. Specifically, the district court failed to address U.S.S.G. § 5D1.1(c), which states that "[t]he court should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."[1] We have held that the district court procedurally errs "in failing to acknowledge the guidelines recommendation against supervised release embodied in

---

[1]As this court has previously recognized, "using the term 'alien' to refer to other human beings is offensive and demeaning. We do not condone the use of the term and urge Congress to eliminate it from the U.S. Code." *Flores v. U.S. Citizenship & Immigration Servs.*, 718 F.3d 548, 551 n.1 (6th Cir. 2013); 1 IMMIGR. LAW AND DEFENSE § 2:16 (2015 ed.). Similarly, here, we should urge the United States Sentencing Commission to eliminate the term from the Guidelines.

§ 5D1.1(c)." *United States v. Solano-Rosales*, 781 F.3d 345, 353 (6th Cir. 2015). When the district court imposes supervised release contrary to the Guidelines recommendation, "the district court's explanation should directly address that section's recommendation against supervised release and provide the court's reasoning for taking a different course of action in the case before it." *Id.* at 353–54. In light of the district court's errors in imposing a term of supervised release that exceeds the statutory maximum, and in failing to explain its reasoning, we remand for resentencing.

Cano-Lopez also asserts that his twelve-month sentence of imprisonment is substantively unreasonable. We review the substantive reasonableness of Cano-Lopez's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence is substantively reasonable if it is 'proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a).'" *Solano-Rosales*, 781 F.3d at 356 (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). Where, as in this case, the district court imposes a sentence outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

Focusing on the need to protect the public from more crimes by Cano-Lopez and to deter him from further illegal reentries, *see* 18 U.S.C. § 3553(a)(2)(B)–(C), the district court determined that his criminal record and "his propensity for illegally reentering the United States" required a modest upward variance from the Guidelines range. (RE 32, Page ID # 95–96). Cano-Lopez contends that his criminal history is adequately stated—if not overstated—by the Guidelines. Cano-Lopez received criminal history points for his prior convictions for breaking and entering and illegal entry, but his disorderly conduct and traffic convictions, as well as his

outstanding warrant for failing to appear on traffic charges, did not factor into his criminal history score. Cano-Lopez also argues that the Guidelines take into account his prior reentries. Cano-Lopez received criminal history points for his 2009 misdemeanor conviction for illegal entry, which resulted in a 180-day sentence and his subsequent removal. Cano-Lopez's two prior removals were not reflected in the Guidelines calculation. Regardless, "[t]hat a circumstance was addressed in the Guidelines . . . does not prevent the district court from considering it under section 3553(a), so long as the court explains why the circumstance warrants additional weight with regard to that particular defendant's sentence." *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011); *see United States v. Tristan-Madrigal*, 601 F.3d 629, 636 n.1 (6th Cir. 2010). Given Cano-Lopez's "propensity" to reenter the United States, even after a 180-day sentence, the district court reasonably gave additional weight to the need to deter him from further illegal reentries. *See United States v. Flores-Midence*, 558 F. App'x 595, 598 (6th Cir. 2014). The district court did not abuse its discretion in imposing an above-Guidelines sentence of twelve months.

For the foregoing reasons, we affirm Cano-Lopez's twelve-month sentence of imprisonment, but remand for resentencing as to the term of supervised release.