**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 18a0387n.06

Case No. 17-4192

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JERRY HUBBARD, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Aug 03, 2018
DEBORAH S. HUNT, Clerk

---

BEFORE: SILER, MOORE, and GRIFFIN, Circuit Judges.

**SILER**, Circuit Judge. Jerry Hubbard appeals his sentence of 100 months' imprisonment for attempted possession of cocaine, arguing that it is substantively unreasonable. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2017, the U.S. Postal Inspector Service found a quantity of cocaine in two packages sent from Las Vegas to Hubbard in Akron, Ohio. Hubbard was arrested and admitted that he had agreed to receive the packages, which he knew contained controlled substances, in order to pay off a drug debt. Police then searched Hubbard's home and found two handguns, 47.33 grams of cocaine base, and 7.41 grams of fentanyl. Hubbard admitted that these items belonged to him.

Hubbard pled guilty to attempted possession with intent to distribute approximately 2 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). With a total offense level of 25 and a criminal history category of III, Hubbard's guidelines range was 70 to 87 months' imprisonment. The government moved for a four-level downward departure pursuant to USSG § 5K1.1 and 18 U.S.C. § 3553(e) based on Hubbard's substantial assistance, which the court granted. Consequently, Hubbard's new offense level was 21, and his guidelines range was 46 to 57 months. During a meeting in chambers before the sentencing hearing, the district judge stated that he was "contemplating a substantial upward variance in this case based upon the history and characteristics of the defendant and the nature and circumstance of the offense." The district judge asserted that he was considering an above-guidelines sentence partially based on "recent media accounts," which he provided to counsel. This news article from Cleveland.com "incorporate[d] recent reports from the State of Ohio and the Cuyahoga County medical examiner about the devastating [e]ffect[] that . . . cocaine, fentanyl, [and] other drugs are having [on the] community."

After returning to the courtroom, the district court stated that Hubbard's range needed to be corrected in order to account for the statutory mandatory minimum sentence of 120 months' imprisonment. Thus, the appropriate guidelines range was 63 to 78 months, based on an offense level of 24. Hubbard's counsel then argued in favor of a sentence within the original range of 46 to 57 months' imprisonment, contending that Hubbard had a long history of substance abuse and that the guidelines took into account the need to avoid recidivism. The government also requested a sentence within the range of 46 to 57 months, noting that Hubbard "was at the lower end of this organization."

The district court found that an upward variance was just and necessary. The district court noted that investigators located handguns, fentanyl, and crack in Hubbard's residence. It then examined Hubbard's criminal history, which was "replete with drug trafficking activity" involving firearms. Hubbard was convicted of drug trafficking offenses in 1996, 2004, and 2016. In light of these prior convictions and the nature of the current offense conduct, the district court found that Hubbard's pattern of recidivism supported an increased sentence. As to Hubbard's claimed drug addiction, the district court was not convinced that he had abuse problems—but even if he did, Hubbard had earlier opportunities to receive treatment.

Finally, the district court highlighted the community's opioid and cocaine epidemic. The district court specifically stated, "Cocaine is increasingly being used with fentanyl and other opiates. Last year, according to the media account I provided from Cleveland.com, The Plain Dealer, last year over 1,100 people died of cocaine overdoses, up 61.9 percent from 2015." Taking into account this drug epidemic, the district court found that Hubbard, who continued to deal and had failed "to learn from prior federal convictions," should receive an above-guidelines sentence in order "to protect the public, reflect the seriousness of the offense, improve the offender's conduct and condition." It then sentenced Hubbard to 100 months' imprisonment—22 months above his guidelines range.

Hubbard argues on appeal that the district court imposed a substantively unreasonable sentence by giving undue weight to his criminal history and Ohio's drug epidemic. He notes that he only had three prior drug convictions, which were factored into his guidelines range. The government responds that the district court was entirely within its discretion to impose the above-guidelines sentence. The court thoroughly considered Hubbard's criminal history, past recidivism, and the nature of his offense conduct—factors properly examined under § 3553(a).

**STANDARD OF REVIEW**

"The question of whether a sentence is reasonable is determined using the abuse-of-discretion standard of review," *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007), and "[t]he defendant shoulders the burden of showing substantive unreasonableness," *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011).

**DISCUSSION**

"[A] sentence may [be] substantively unreasonable where the district court [1] select[ed] the sentence arbitrarily, [2] bas[ed] the sentence on impermissible factors, [3] fail[ed] to consider pertinent § 3553(a) factors or [4] [gave] an unreasonable amount of weight to any pertinent factor." *United States v. Jones*, 489 F.3d 243, 252 (6th Cir. 2007) (first two alterations in original) (internal citation and quotation marks omitted). In determining whether a sentence is substantively reasonable, we consider whether the length of the sentence imposed is "greater than necessary" to achieve the sentencing goals of 18 U.S.C. § 3553(a). *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). When the district court imposes an above-guidelines sentence, we "may not apply a presumption of unreasonableness." *Gall v. United States*, 552 U.S. 38, 51 (2007). We "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

Here, in support of the upward variance, the district court cited two main justifications: (1) Hubbard's criminal history; and (2) the ongoing opioid crisis in Ohio. With regard to the first rationalization, the district court closely examined Hubbard's three prior drug convictions. The district court had discretion to consider Hubbard's criminal history when determining an appropriate sentence. *See United States v. Lanning*, 633 F.3d 469, 474–75 (6th Cir. 2011). Indeed, under § 3553(a), district courts "shall consider . . . the history and characteristics of the defendant"

and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1), (a)(2)(B). Although Hubbard argued that his criminal history largely resulted from his drug addiction, the district court considered this argument and rejected it. Hubbard has not carried his burden of demonstrating that the district court abused its discretion in considering Hubbard's criminal history and pattern of recidivism when imposing an above-guidelines sentence. This factor was pertinent, and Hubbard has not proven that the district court gave it "an unreasonable amount of weight." *Jones*, 489 F.3d at 252.

Second, the district court discussed harm to the community resulting from drug trafficking. The district court stated that cocaine "is as deadly as, in many ways, as the heroin and opioids that [are] ravaging our community. But this defendant not only has cocaine, he also has fentanyl which is killing people in the streets. He has it all. He has crack. He has fentanyl. He has cocaine. Large quantities." The district court had discretion to vary from the guidelines on policy grounds. *See Spears v. United States*, 555 U.S. 261, 265–66 (2009) (per curiam); *United States v. Herrera-Zuniga*, 571 F.3d 568, 585 (6th Cir. 2009) ("[T]he authority of district courts to reject the Guidelines on policy grounds follows inexorably from the Court's holding in *Booker* that the Guidelines are advisory only."). The district court, therefore, was permitted to partially rely upon the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), in light of the community's serious drug epidemic.

According to Hubbard, this factor—weighed heavily by the district court—was not "directly related" to his conduct. Although the Cleveland.com article cited by the district court mainly dealt with opiate trafficking, it also reported on the rate of cocaine overdoses involving opioids. Hubbard only pled guilty to possession with intent to distribute cocaine, but his offense conduct involved the possession of fentanyl, a synthetic opioid. The district court, therefore, did

not abuse its discretion in considering this factor as part of the "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1).

Because the district court provided copies of the news article to counsel prior to sentencing, the current matter is unlike *United States v. Fleming*, 894 F.3d 764 (6th Cir. 2018), in which this court found that the same district court imposed the defendant's sentence in a procedurally unreasonable manner because it did not mention the article, or the possibility of an upward variance, until the sentencing hearing. *Id.* at 766–67. Rather, this case resembles *United States v. Robinson*, 892 F.3d 209 (6th Cir. 2018). In *Robinson*, this court ruled that the defendant's above-guidelines sentence was not substantively unreasonable. The same district court had, like in this case, "stressed as significant factors [the defendant]'s criminal and recidivist history, and the need to deter him from committing more crimes, and thus protect the public." *Id.* at 214. The district court had also provided copies of two reports about overdose deaths from heroin, fentanyl, and other drugs in the local area to counsel before sentencing and relied upon information from those reports when imposing the defendant's sentence. *Id.* at 215. This court concluded that "[t]he district court did not abuse its discretion in considering the effect of the opioid epidemic in Ohio." *Id.* In short, the court found "no abuse of the district court's sentencing discretion." *Id.* at 217.

In sum, the factors cited by the district court—including Hubbard's criminal history and pattern of recidivism, as well as the drug epidemic "ravaging" the Northern District of Ohio—justify the extent of the upward variance. *Gall*, 552 U.S. at 51; *see United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008) (stating that the court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance"). Consequently, the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Hubbard

has failed to demonstrate that the district court abused its discretion and imposed a substantively unreasonable sentence.

**AFFIRMED**.