NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0695n.06
Filed: September 25, 2006

No. 05-2431

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **VINCENT EDWARD JONES**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE: DAUGHTREY and COLE, Circuit Judges; BERTELSMAN, District Judge[*]

**R. GUY COLE, JR., Circuit Judge.** Defendant-Appellant Vincent Edward Jones

challenges his sentence of 156 months of imprisonment following a plea of guilty to one count of

distributing heroin. Jones asserts that the district court erred (1) by failing to grant a one-level

reduction in his criminal history category, and (2) by imposing a sentence that relied excessively on

the Sentencing Guidelines ("Sentencing Guidelines" or "Guidelines") and inadequately took account

of Jones's personal history and characteristics in applying the statutory sentencing factors under 18

U.S.C. § 3553. Because we conclude that we lack grounds for reviewing the district court's denial

_____

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

of Jones's motion for a reduction in his criminal history category and further conclude that the sentence imposed by the district court was reasonable, we **AFFIRM**.

## I.  BACKGROUND

In August 2004, the Drug Enforcement Agency ("DEA") began to investigate Jones when confidential informants identified him as a primary supplier of heroin to high-school students and recent high-school graduates in Grand Rapids, Michigan.   All told, these confidential informants attributed 2080 distinct acts of heroin distribution to Jones.  DEA agents and local police officers acted on this information by arranging a controlled purchase of heroin from Jones on September 23, 2004.  Shortly thereafter, the law-enforcement officers observed another buyer complete a hand-to-hand transaction with Jones.  The officers followed this buyer to his vehicle, where they discovered the heroin and two passengers, one of whom was eighteen years old.

Jones was indicted on October 13, 2004 on (1) one count of distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and (2) one count of distribution of heroin to a person under the age of twenty-one, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 859. Jones was arrested two days later on October 15, 2004.  While in custody, prison personnel discovered that Jones suffered from a life-threatening heart condition.  They transferred him on an emergency basis to a federal medical facility in South Carolina where he underwent an aortic-heart-valve-transplant.

Following his release from medical care, Jones pleaded guilty to count one of the indictment on June 15, 2005, pursuant to a written plea agreement.  The Government agreed to move to dismiss

count two at Jones's sentencing. The district court accepted Jones's guilty plea and ordered the preparation of a Pre-Sentence Investigation Report ("PSR").

Applying the Sentencing Guidelines, the PSR concluded that Jones was a "career offender" with an offense level of twenty-nine. *See* United States Sentencing Guidelines Manual § 4B1.1(a)-(b). Next, the PSR placed Jones in criminal history category VI because he had two prior felony convictions. *See id.* An offense level of twenty-nine combined with a criminal history category of VI resulted in a sentencing range of 151-188 months of imprisonment. *See id.* ch. 5, pt. A.

At his sentencing hearing on September 15, 2005, Jones did not object to the calculation of his offense level, but argued that a one-level reduction in his criminal history category from VI to V was warranted under Guidelines section 4A1.3(b). Jones maintained that his two prior felony convictions (for manufacture/delivery of a controlled substance and robbery), which gave rise to the category VI designation, "substantially over-represent[ed] the seriousness of [his] criminal history" because they occurred many years earlier, in 1989 and 1991, when he was just twenty and twenty-one years old. *See id.* § 4A1.3(b). Since then, argued Jones, his criminal conduct had been relatively minor, including minor motor-vehicle offenses and a conviction for retail theft of baby formula. Jones further asked the court to take into account other factors in tailoring an appropriate sentence, including his physical health, the positive effect of his medical emergency in convincing him to turn his life around, his desire to fulfill his obligations to his wife and children, and that he was motivated to sell heroin to feed his own drug addiction.

The Government opposed Jones's motion for a downward departure in his criminal history category, arguing that Jones had engaged in extensive criminal conduct, which led to three separate

periods of incarceration in state prisons. The Government further argued that the court should impose a sentence commensurate with the gravity of Jones's conduct in dealing heroin to young people, and should consider Jones's refusal to work with law enforcement to identify other heroin suppliers in the community.

After considering the arguments of counsel and hearing directly from Jones, the district court declined to grant a downward departure in Jones's criminal history category and sentenced him within the Guidelines range to 156 months of imprisonment. This appeal followed.

## II. DISCUSSION

A district court is obligated to "impose a sentence sufficient, but not greater than necessary" to achieve certain sentencing objectives, including providing just punishment, deterring criminal conduct, protecting the public, and providing the defendant with needed training and treatment. 18 U.S.C. § 3553(a) (2006); *United States v. Davis*, 458 F.3d 505, 509-10 (6th Cir. 2006). After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which rendered the Guidelines advisory, a district court must apply the statutory factors set forth in 18 U.S.C. § 3553(a) to fashion an appropriate sentence. The Guidelines are still consulted to calculate a defendant's sentence but, whereas prior to *Booker* the Guidelines calculation was virtually dispositive of the sentencing question, now it is "just one of the numerous [§ 3553(a)] factors that a district court must consider." *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006); *see also United States v. Cruz*, No. 05-6746, 2006 U.S. App. LEXIS 21681, *3 (6th Cir. Aug. 25, 2006) ("A sentencing judge must appreciate the advisory nature of the guidelines, must calculate the guidelines' recommendation

correctly and must consider the § 3553(a) factors in exercising her independent judgment about what sentence to impose.").

**A.      The District Court's Denial of Jones's Motion for a Downward Departure in His Criminal History Category**

As an initial matter, Jones frames one of the issues on appeal as whether the district court erred in declining to grant his motion for a downward adjustment of his criminal history category. Jones does not provide any distinct legal argument to support this point, but rather appears to invoke his criminal history category as an aspect of the overall unreasonableness of his sentence. We will nevertheless treat the district court's denial of Jones's downward adjustment motion as a separate assignment of error.

As he did at his sentencing hearing, Jones contends that a criminal history category of VI substantially over-represents the seriousness of his criminal history because the two predicate felony offenses which landed him in category VI occurred in 1989 and 1991 when Jones was in his early twenties. In the period between those convictions and the instant offense, Jones claims that he had only "several minor brushes" with the law.

It is well established in this Circuit that a district court's decision to deny a downward departure in sentencing is unreviewable on appeal absent a showing "'that the district court was not aware of or did not understand its discretion to make such a departure.'" *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005) (quoting *United States v. Stewart*, 306 F.3d 295, 329 (6th Cir.

2002)). Here, there is no basis for concluding that the district court did not know or understand that it could exercise its discretion to grant Jones's motion. At the sentencing hearing, the court reviewed Jones's criminal history as outlined in the PSR. The court recited many of Jones's prior offenses and found that even though Jones had not been convicted of a felony since 1991, the evidence suggested that he had been dealing heroin for a few years before his October 2004 arrest. As Jones himself points out, the district court specifically acknowledged that whether to grant the downward departure motion was a "[v]ery close question." (Joint Appendix ("JA") 44.) Inherent in this statement is the district court's recognition that it possessed the authority to depart downward if it determined that the circumstances of Jones's case so warranted.

Ultimately, the district court declined to grant the motion because it concluded that Jones's criminal record "continues in one way or another for the last 15 years." (*Id.*) Moreover, the court concluded that it could not be said that a criminal history category of VI "overrepresents the individual, that it does not paint a clear picture of this individual." (*Id.*) On this record, we have no basis for reviewing the district court's denial of Jones's motion, and accordingly, we decline to do so.

**B.      The Reasonableness of Jones's Sentence**

Jones's principal argument on appeal is that the district court erred by imposing an unreasonable sentence. Accordingly, we must assess "whether the district court's sentence is a reasonable application of § 3553(a)." *Davis*, 458 F.3d at 510. We treat a sentence within the advisory Guidelines range as presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). However, such a presumption does not relieve the district court of the

obligation to consider all of the § 3553(a) factors. *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006).

Unlike other challenges to criminal sentences, Jones does not argue that the district court improperly calculated the sentencing range under the Guidelines, failed to consider the § 3553(a) factors, or failed to explain its reasoning in support of the sentence imposed. Rather, without ever explicitly saying that the district court treated the Guidelines as mandatory in contravention of *Booker*, Jones makes the more subtle claim that the district court unduly relied on the Guidelines and failed to consider sufficiently the § 3553(a) factors: "The Sentencing Court erroneously emphasized the guidelines scoring at the expense of an individualized assessment of statutory criteria under § 3553." Jones's argument boils down to the proposition that the district court should have paid more attention to Jones's personal history and characteristics (encompassed by § 3553(a)(1)), including his long-time bout with drug addiction; his physical health; and his commitment, sparked by his heart condition, to turn his life around. Jones states that adequate consideration of these factors "would more likely have resulted in a lower term of incarceration."

Jones's argument is meritless. The record shows that the district court was familiar with Jones's personal history. The district court had reviewed the PSR, which provided many details about Jones's family background, substance-abuse difficulties, and health. At the sentencing hearing, the court acknowledged that it had reviewed letters from Jones's family "indicating the condition of his family, his children, his wife, and his own condition with this heart valve problem and with this extensive history of heroin use." (JA 39.) The court heard first hand from Jones when the latter read a statement expressing contrition for his drug-dealing and asked the court to take into

account his determination to reform.  In the course of questioning Jones, the court heard further about how Jones's heroin addiction had afflicted much of his life and how his heart surgery had caused him to reflect on his mistakes.  *See e.g., United States v. Caswell*, 456 F.3d 652, 657-58 (concluding that the PSR and the defendant's comments to the sentencing court about his troubled childhood showed that the court sufficiently considered the defendant's personal history in imposing a sentence).

After hearing extensive argument from the parties, the district court correctly stated that its

> sentence must not only recognize, as the Court indicated, the past behavior of Mr. Jones and must in fact protect the public, but it must look at the seriousness of this offense, the opportunities for rehabilitation that exist with Mr. Jones acknowledging that he wishes at this age to be desirous at this age to turn himself around.

(JA 62.)  Then, "taking into consideration all of these factors and to ensure that the maximum rehabilitation opportunity is provided," the court concluded that a sentence of 156 months, at the low end of the Guidelines range, was appropriate.  (*Id.*)  The court went on to make four recommendations to the Bureau of Prisons, including that Jones's heart condition be monitored, that he receive substance-abuse treatment and educational/vocational training, and that he earn his General Equivalency Degree (GED).  These recommendations further show that the district court, contrary to Jones's assertion, carefully weighed his "history and characteristics," and the need to provide him with "educational or vocational training [and] medical care."  *See* 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(D).

Here, where the district court sentenced Jones within the Guidelines range and considered the § 3553(a) factors, including Jones's individual circumstances, we cannot conclude that Jones's

sentence is unreasonable. The district court specifically referred to the policy objectives of the Guidelines and imposed a sentence consistent with what those objectives demand. The record in no way reflects that the district court erred in sentencing Jones to 156 months of imprisonment.

### III. CONCLUSION

For the reasons described above, we **AFFIRM** the sentence imposed by the district court.