NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0550n.06
Filed: August 8, 2007

**Nos. 05-3914/3946**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| **GORDON EDWARD ASHER (05-3914);** | ) | |
| **DONYELL M. REEVES (05-3946),** | ) | |
| | ) | |
| Defendants-Appellants. | | |

**Before: Rogers and Cook, Circuit Judges, and Dowd, District Judge.**[*]

**Rogers, Circuit Judge**. Donyell Reeves and Gordon Edward Asher each pled guilty to felony drug charges after being arrested as a result of an investigation into a conspiracy to distribute illegal drugs, including crack cocaine. Both were sentenced to terms within or below the range recommended by the Guidelines.

Reeves challenges the extent of the district court's downward adjustment of his criminal history category under the Guidelines and the substantive reasonableness of his sentence. Asher challenges the district court's acceptance of the 100:1 crack/powder cocaine ratio in calculating the

---

[*]The Honorable David Dudley Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

1

appropriate Guidelines range and the substantive reasonableness of his sentence. Because each of these arguments is without merit, we affirm both sentences.

I.

In 2004, agents of the DEA and detectives of the Cincinnati Police Department conducted a joint investigation into drug trafficking activities of Donyell Reeves and his brother, Ronald Foster, in the Walnut Hills section of Cincinnati, Ohio. On October 20, 2004, based on evidence gathered through that investigation, the grand jury returned a fifteen count indictment charging Donyell Reeves, Gordon Edward Asher, and twenty other individuals with various crimes related to drug trafficking.

Donyell Reeves

Pursuant to a plea agreement, Reeves pled guilty to Count One of the indictment, conspiracy to distribute in excess of fifty grams of cocaine base and over five kilograms of cocaine. Reeves admitted that he was an organizer or leader in criminal activity, which increased his base offense level by three points. Reeves' presentence report (PSR) also included a downward adjustment of three points for acceptance of responsibility. Reeves' total recommended offense level was 36, with a criminal history of V, resulting in a sentencing range of 292-365 months.

At the sentencing hearing, Reeves' attorney first argued that he should receive only a two point upward adjustment in offense level based on his leadership role in the conspiracy. The court

rejected this argument, and Reeves does not appeal that ruling. Counsel for Reeves next argued that

Reeves' actual criminal history was overstated by the Guidelines' criminal history calculation

because "his contacts with the law are just not as severe as someone who is in a criminal history V

category." JA 228. The district court agreed that "the criminal history category does overstate the

seriousness of [Reeves'] record," and reduced Reeves criminal history to a Category IV.[1] The court

also granted the Government's motion for a reduced offense level of 31 for substantial assistance

pursuant to § 5K1.1. The district court accordingly arrived at a final Guidelines range of 151-188

months.

Before announcing a sentence, the court heard testimony from several of Reeves' family

members and from Reeves himself. The court then explained that it had "reviewed 3553(a) and the

Sentencing Guidelines that are applicable in this case." JA 231. In particular, the court noted that

it had considered Reeves' personal history in the context of the extended discussion of a departure

in his criminal history category. JA 234. The court also noted that Reeves had "a supportive

family." JA 234. The court considered Reeves' leadership role and noted that "a whole lot of other

people wouldn't be caught up in this had it not been for [Reeves]." JA 234. The court concluded

---

[1]While the district court simply refers to this as a "reduction," it appears from its use of the "substantially overstates" language and the fact that the reduction was granted in the context of calculating the applicable Guidelines range that the court granted a departure rather than a variance. *See* U.S.S.G. § 4A1.3(b)(1) ("If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history . . ., a downward departure may be warranted.").

that a sentence of 160 months was necessary to "reflect the seriousness of this offense, to promote respect for the law, and to provide just punishment." JA 234-235.

Reeves now appeals the sentence imposed by the district court. Reeves argues that, despite the one-category departure granted by the district court, a Category IV criminal history still overstates the seriousness of his record. Reeves also argues that a sentence of 160 months is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a).

Gordon Eddie Asher

Gorden Eddie Asher was a customer of Reeves' brother, Ronald Foster. As a result of a wiretap of Foster's phone, authorities learned that Asher phoned Foster to arrange the purchase of various quantities of drugs, including crack cocaine. Pursuant to a plea agreement, Asher pled guilty to the unlawful use of a telephone to facilitate a felony drug offense.

Asher's PSR indicated that his total offense level was 23 with a Category VI criminal history, resulting in a recommended sentencing range of 92-115 months. Asher did not object to the Guidelines calculation, although Asher's counsel urged the district court to consider a sentence less than the four-year statutory maximum, arguing that "four years . . . is not really necessary . . . ." JA 201. Counsel argued that several offenses in Asher's criminal history should be discounted based on the surrounding circumstances. Asher's attorney also argued that the Guidelines' crack cocaine versus powder cocaine differential exaggerated the seriousness of Asher's crime. Counsel asked the district court to consider Asher's family situation and his background as a mixed-race individual who

grew up in a predominantly black neighborhood. Finally, Asher's attorney suggested that Asher's role as "a low player, small-time player" warranted a sentence of less than four years. JA 206. Asher then spoke on his own behalf and further discussed his family situation, the circumstances surrounding various items in his criminal history, and his attempts at reforming his life after a prior jail term. The Government urged the court to consider that "this is [Asher's] fourth drug conviction in four years." JA 214.

The court imposed a sentence of 48 months, which is the statutory maximum for a violation of 21 U.S.C. § 843(b). It is also the advisory Guidelines sentence. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). The district court adopted the PSR's Guidelines calculations. The court then proceeded to consider the 3553(a) factors as required by *Booker*. In particular it discussed the "need to send a message . . . to the community" and the seriousness of Asher's crime. JA 215-216. The district court also discussed Asher's prior criminal history, particularly his history of domestic violence.

Asher now appeals the sentence imposed by the district court, arguing that the court improperly considered the Guidelines crack/powder cocaine ratio as mandatory in sentencing and that the sentence is substantively unreasonable.

**II.**

Reeves

We are unable to review Reeves' contention that the district court erred by reducing his criminal history only one category because it is by its terms a challenge to the district court's failure to depart further than it did under the Guidelines. This court recently held that as long as a district court knew that it had the discretion to grant a departure in this context, its decision not to grant the departure is unreviewable. *United Stated v. Vincent Jones*, 197 F. App'x. 455, 458 (6th Cir. 2006) (unpublished) (citing *United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005).

As we held in *United States v. Justin Jones*, 417 F.3d 547, 551 n.3 (6th Cir. 2005), "insofar as the claim invites appellate review of the extent of a downward departure, it is foreclosed." In *Vincent Jones*, the defendant argued that the properly calculated criminal history category "substantially over-represents the seriousness of his criminal history" because of the length of time since his prior felonies and because since those felonies "he had only 'several minor brushes' with the law." *Vincent Jones*, 197 F. App'x. at 457. Reeves' argument is similar to the one rejected in *Vincent Jones*. As in *Vincent Jones*, the district court recognized its discretion to depart from the Guidelines' criminal history calculation, since it did so. Reeves' argument on appeal is simply that the district court did not depart enough. A challenge to the extent of a departure is no more

reviewable than the decision not to grant a departure at all, and we therefore decline to consider this argument.[2]

Reeves' second argument, that his sentence was unreasonable because it was greater than necessary to accomplish the goals articulated by § 3553(a), is also without merit. Reeves' argument on this issue is generally a restatement of the factors relevant to the nature of the offense and his character and history as presented in his sentencing memorandum to the district court. However, Reeves does not argue that the district court failed to consider any of these factors, nor does he offer any argument as to why the district court's determination was unreasonable in light of those factors.

Reeves also argues that "discrepancy between sentences imposed for powder cocaine and crack offenses are unjust." Prior to *Booker*, this court held that disagreement with the 100:1 ratio was not a permissible basis for a downward departure from the Guidelines range. *United States v. Gaines*, 122 F.3d 324, 330 (6th Cir. 1997). As we discuss below, since *Booker* this court has held that the 100:1 ratio does not itself render a sentence unreasonable. *United States v. Caver*, 470 F.3d 220, 249 (6th Cir. 2006).

Asher

---

[2]We note that the Government does not make this argument. Even if the nonreviewability argument could be considered forfeited, we independently determine that the failure to depart further was not an abuse of discretion.

The district court did not err in Asher's case by relying on the crack cocaine ratio when calculating the recommended Guidelines range applicable to Asher. Asher's principal argument in this appeal is that the district court erred by treating the crack cocaine Guidelines as "mandatory" in determining the Guidelines range applicable to him. However, this court has held that "while a departure from the 100:1 ratio may well be reasonable in a particular case, applying the ratio does not, *ipso facto*, make a sentence unreasonable under existing case law." *Caver*, 470 F.3d at 249. Furthermore, in calculating Asher's Guidelines range the district court was obligated to use the crack cocaine ratio contained in the Guidelines. *See id.* "Only after computing the guidelines range using the correct 100:1 ratio does the district judge have discretion to impose a sentence that is above or below that range." *United States v. Wallace*, 458 F.3d 606, 611 (7th Cir. 2006). Like the defendant in *Caver*, Asher "points to nothing about the particular facts of his case that make his sentence unreasonable." *Caver*, 470 F.3d at 249.

Asher also challenges the substantive reasonableness of the sentence imposed. The only argument that Asher offers in this vein is that "his prior offenses, although numerous in nature, were not as aggravating as one would believe based upon their statutory definitions." The district court heard Asher's mitigation arguments and nonetheless found that his extensive criminal history as well as the seriousness of the current offense warranted the sentence imposed. That many of Asher's past crimes may have been mitigated to some degree by the surrounding circumstances hardly renders the district court's sentence unreasonable. Additionally, because Asher's sentence is within the

properly calculated Guidelines range, which in his case is the statutory maximum, it is entitled to a "rebuttable presumption of reasonableness." *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see also Rita v. United States*, 551 U.S. ----, No. 06-5754, slip op. at 11 (U.S. June 21, 2007) ("[A] Guidelines sentence will usually be reasonable[ ] because it reflects both the Commission's and sentencing court's judgment as to what is an appropriate sentence . . . .").

**III.**

Because the defendants have failed to show that the sentences imposed by the district court are either procedurally or substantively unreasonable, we affirm both sentences.