**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0831n.06
Filed: December 10, 2007

**Nos. 06-6485/6487**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BRYANT EDWARDS, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; and VINSON,[*] District Judge.

**PER CURIAM.** Defendant Bryant Edwards appeals the 121-month prison sentence imposed following his guilty pleas to charges of conspiring to manufacture methamphetamine and conspiring to possess with intent to distribute more than 50 grams of methamphetamine. Edwards does not now challenge the factual bases for his convictions or his sentence. Instead, he argues only that the presumption of reasonableness accorded by appellate courts to sentences within the applicable ranges of the United States Sentencing Guidelines, in conjunction with the ability of judges – rather than juries – to determine facts necessary to increase those sentences, violates the jury trial guarantee of the Sixth Amendment to the United States Constitution. Bound, as we

---

[*]The Hon. C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

are, by precedent from this court and by the recent holdings of *Rita v. United States*, 127 S.Ct. 2456 (2007), we disagree and thus affirm.

Following Edwards's guilty pleas to the two conspiracy charges, the district judge initially determined that the defendant's guidelines offense level should be 28, based solely upon the quantity of illegal drugs involved in the crimes. The court then added six more levels to its calculation after finding, without the intervention of a jury, that one of the crimes both involved the manufacture of methamphetamine and "created a substantial risk of harm to the life of a minor or an incompetent." U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(8)(C) (2006).[1] Even after granting Edwards a three-level downward adjustment for acceptance of responsibility, the district court concluded that the defendant's guidelines sentencing range as a criminal history category II, offense level 31 offender would be 121-151 months. The district judge also carefully considered the other sentencing factors listed in 18 U.S.C. § 3553(a), but ultimately determined that a 121-month guidelines sentence would indeed be appropriate in light of the statutory considerations.

On appeal, Edwards readily "concedes that the current law in this Circuit is that the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005)[,] did not eliminate judicial fact-finding by district court judges in determining whether sentencing

---

[1]The district judge, the government, and the defendant's counsel all mistakenly refer to § 2D1.1(b)(6)(C) when discussing this offense level increase. Section 2D1.1 of the sentencing guidelines was amended, however, effective November 1, 2006, eight days prior to Edwards's sentencing hearing. The applicable language of § 2D1.1(b)(6)(C) of the *2005 version* of the guidelines was renumbered and included in § 2D1.1(b)(8)(C) of the *2006 version* that was in effect on the date of the defendant's sentencing.

guideline enhancements are appropriate. *See, e.g.*[,] *United States v. Stone*, 432 F.3d 651, 654-55 (6th Cir. 2005)[, *cert. denied*, 127 S.Ct. 129 (2006)]." As recognized by the defendant, however, such judicial fact-finding, an apparent violation of the Sixth Amendment principles elucidated in *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), is permissible only because *Booker* mandates that any guidelines sentencing range resulting from the fact-finding be considered advisory only. *See Booker*, 543 U.S. at 233.

According to Edwards, our recognition of a rebuttable presumption of reasonableness of any within-guidelines sentence, *see, e.g.*, *United States v. Davis*, 458 F.3d 491, 496 (6th Cir.), *petition for cert.* filed, (U.S. Nov. 13, 2006) (No. 06-7784), has once again "resulted in a *de facto* mandatory sentencing scheme." Consequently, contends the defendant, judicial fact-finding conducted without the safeguards of a jury and the beyond-a-reasonable-doubt evidentiary standard would, as under pre-*Booker* mandatory guidelines sentencing, eviscerate the protections of the Sixth Amendment.

Unfortunately for Edwards, an identical argument was rejected by the Supreme Court in *Rita*. In that decision, the Court admitted that "Rita may be correct that the presumption [of reasonableness] will *encourage* sentencing judges to impose Guidelines sentences." *Rita*, 127 S.Ct. at 2467 (emphasis added). Nevertheless, "[a] nonbinding appellate presumption that a Guidelines sentence is reasonable does not *require* the sentencing judge to impose that sentence." *Id.* at 2466 (emphasis in original). Thus, utilization by an appellate court of the presumption of reasonableness does not reinstate

a mandatory guidelines sentencing scheme and does not violate Sixth Amendment principles.

The Supreme Court's decision in *Rita* forecloses any opportunity by this court to consider further the only argument advanced by Edwards on this appeal. We therefore AFFIRM the judgment of the district court.