**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0467n.06
Filed: August 5, 2008

No. 05-6811

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| LEE THEODORE SMITH, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

**BEFORE: ROGERS and McKEAGUE, Circuit Judges, and ADAMS, District Judge.**[*]

**ADAMS, J.** Lee Theodore Smith appeals from the district court's imposition of a 96 month sentence. We affirm.

## I. STATEMENT OF FACTS

On May 13, 2003, Smith was indicted for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 and possession of equipment and chemicals which may be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). Following a mistrial, Smith was tried a second time and convicted on May 11, 2004. In calculating Smith's guideline range, the district court found that he had possessed a firearm during the commission of the offense and that Smith's conduct created a substantial risk of harm to a minor. The district court, therefore,

---

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

concluded that Smith's mandatory guideline range was 121 to 151 months. On November 17, 2004, Smith was sentenced to 121 months by the district court. On August 8, 2005, this Court remanded for resentencing pursuant to *Booker*.

Following remand, the district court calculated the now advisory guideline range to be 121 to 151 months. The court arrived at this range by using the same enhancements it had used under Smith's prior sentence. The court then varied downward from the guideline range using the factors set forth in 18 U.S.C. § 3553 and sentenced Smith to 96 months incarceration. This appeal followed.

## II. ANALYSIS

Smith raises one substantive issue on appeal. He argues that the trial court's act of finding facts to support the sentencing enhancements violated the Sixth Amendment. There is no merit in Smith's argument.

On appeal, Smith has not challenged the factual findings that support the enhancements utilized by the district court. Accordingly, the Court does not review those factual findings. However, even if Smith's brief on appeal could be construed as challenging the factual bases for the sentencing enhancements, those factual bases are amply supported by the record.

Smith instead contends that the act of judicial fact finding violated his Sixth Amendment rights. Post-*Booker*, this Circuit has squarely rejected that argument.

> In *Rita*, the Supreme Court laid to rest the claim that the sentencing court may not rely on facts not found by a jury:
>
> "This Court's Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence. Nor do they prohibit the sentencing judge from taking

account of the Sentencing Commission's factual findings or recommended sentences. *Rita*, 127 S.Ct. at 2465-66."

*United States v. Pinkerton*, 2008 WL 2224810, at *3 (6th Cir. May 29, 2008). "[T]his Court has repeatedly held, 'judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury.'" *United States v. Renner*, 2008 WL 2467976, at *2 (6th Cir. June 19, 2008) (quoting *United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006)); *see also United States v. Cook*, 453 F.3d 775, 777 (6th Cir. 2006). In *Renner*, the Court rejected Smith's Sixth Amendment argument regarding the findings of facts used to support a firearm enhancement. This Circuit has also specifically rejected Smith's challenge to the substantial risk of harm to a minor enhancement. *See United States v. Edwards*, 256 Fed.Appx. 791, 792 (6th Cir. 2007). Smith's Sixth Amendment rights, therefore, were not violated by the district court's findings of fact in support of the sentencing enhancements.

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.