NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0255n.06

No. 24-5940

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 19, 2025
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK HOWARD BRADY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

---

Before: GILMAN, DAVIS, and MATHIS, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge.** Patrick Howard Brady pleaded guilty to producing a visual depiction of a minor engaged in sexually explicit conduct. He appeals the reasonableness of his 300-month sentence. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

From 2022 to 2023, Brady, a high-school band director, engaged in a sexual relationship with one of his underage students, including the production of sexually explicit videos. Brady pleaded guilty to one count of production of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a). The Probation Department, based on its Sentencing Guidelines calculations, recommended sentencing Brady to the statutory maximum of 360 months of imprisonment.

Brady did not dispute the accuracy of the Probation Department's calculations. In his sentencing memorandum, he instead argued that several factors weighed in favor of a downward sentencing variance, including his lack of criminal history, the hours devoted to his career as a band director, financial problems, domestic issues, depression, and weight gain.

Brady also argued that almost every crime of this nature involves the use of a computer, making the advisory Guidelines range greater than necessary to satisfy the purposes of sentencing. He contended that he should receive a downward sentencing variance to counteract the U.S.S.G. § 2G2.1(b)(6)(B)(ii) use-of-a-computer enhancement that was applied to his Guidelines range. Without this enhancement, his Guidelines range would have been 292–360 months of imprisonment instead of 360 months to life.

At sentencing, the district court stated: "I have received a sentencing memorandum from the United States, and I have received a sentencing memorandum from the defense. I have read them all and will give them appropriate weight." The court then addressed defense counsel: "I understand your sentencing memorandum[.] I think your point about the electronic device goes really to the fact that these weren't transmitted to anyone else. These electronic communications were between the defendant and the victim; is that correct?" Defense counsel confirmed that the electronic communications had not been distributed or shared.

The district court emphasized that Brady, as a teacher, held "a particularly important public trust" with "particular power and influence" over students. It noted that Brady's conduct caused harm not only to the victim, but also to her family and friends, and that "[t]here is a streak of harm here that goes in so many directions that it is hard, really, to get your head around." The court further stated that "I came into this courtroom fully prepared to impose a sentence of 360 months. . . . [I]t's the bottom of the federal sentencing guidelines, which are 360 to life." But the

court also remarked that "justice can be tempered with mercy" and explained that "I am also comforted by the fact that there were no transmissions of these computer . . . images in that they were not dispersed as we see in so many of these cases." It then noted that "the ends of public protection can be met by imposing a term of lifetime supervision, so that we can protect the public from further crimes of this defendant."

Ultimately, the district court concluded: "Any sentence I impose will be a serious, serious sentence, but I am prepared to make a variance at this point." It proceeded to grant a downward variance of 60 months, noting that this "seems reasonable under the circumstances." The resulting sentence was 300 months of imprisonment. When asked by the court if there was "any legal reason [that the] sentence should not be imposed as stated," defense counsel answered that there was not. This timely appeal followed.

## II. ANALYSIS

### A. Standard of review

"A criminal sentence must be both procedurally and substantively reasonable." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (citing *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012)). "Procedural reasonableness requires the court to 'properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence.'" *Id.* (quoting *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018)). Here, the district court asked the parties at sentencing whether they had any objections to the sentence, and defense counsel raised no objection. We therefore review any procedural-unreasonableness claims under the plain-error standard. *See id.* at 1048.

We review claims of substantive unreasonableness under the abuse-of-discretion standard. *Id.* at 1047. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court . . . gives an unreasonable amount of weight to any pertinent factor" under 18 U.S.C. § 3553(a). *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008) (citation omitted). "The defendant shoulders the burden of showing substantive unreasonableness." *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011). On appellate review, a within-Guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). And "[a]lthough it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

**B.     The reasonableness of Brady's sentence**

Brady contends that the district court abused its discretion by imposing a substantively unreasonable sentence. But the only argument that he makes to support this claim is that the district court did not expressly consider several of the arguments from his sentencing memorandum. Brady emphasizes that "[w]hen a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Parrish*, 915 F.3d at 1049 (quoting *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007)). This quote is discussed as part of the substantive-reasonableness analysis in *Parrish*, as part of the procedural-reasonableness analysis in *Jones*, and as part of a mixed analysis when it originally appeared in *United States v. Richardson*,

437 F.3d 550, 554 (6th Cir. 2006). Whether this requirement applies to the substantive-reasonableness analysis, the procedural-reasonableness analysis, or both, is therefore less than clear. So we will consider both the procedural and substantive reasonableness of Brady's sentence.

Brady claims that the district court did not consider mitigating factors such as Brady's lack of criminal history, his career as a band director, and his financial and domestic issues. But the court explained on the record that it had reviewed Brady's sentencing memorandum, which addressed those factors. *See United States v. Hall*, 20 F.4th 1085, 1098 (6th Cir. 2022). Brady also claims that the district court did not consider his argument that a downward variance was needed to counteract the use-of-a-computer enhancement. But the court specifically questioned defense counsel about that argument, and it later referenced the fact that the images had not been distributed as a justification for a below-Guidelines sentence. Ultimately, the record reflects that the court did not reject either of Brady's arguments, but instead took all the mitigating factors into consideration when granting a 60-month downward sentencing variance.

"Although the [district] court did not mention all of the [§ 3553(a)] factors or the guidelines explicitly, . . . this court has never required the ritual incantation of the factors to affirm a sentence." *Id.* (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005) (quotation marks omitted)). Here, "[t]he court did not 'simply select' what it viewed as 'an appropriate sentence,' . . . but rather explicitly considered many § 3553(a) factors." *See Richardson*, 437 F.3d at 554 (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)). The court noted that Brady had violated "a particularly important public trust" and caused harm to several people, including the victim and her family. It discussed the statutory maximum, the Guidelines

recommendation, the appropriateness of a downward variance from that recommendation, and the need to "protect the public from further crimes of this defendant."

The record also shows that the district court considered Brady's needs under § 3553(a)(2)(D). It recommended that Brady participate in a sex-offender treatment program and in job-skills or vocational training, noting that he would be unlikely to find future employment in the education system. *See id.* at 554–55.

Brady's claim "'ultimately boils down to an assertion that the district court should have balanced the § 3553(a) factors differently,' which 'is simply beyond the scope of [this court's] appellate review.'" *See United States v. Frei*, 995 F.3d 561, 567–68 (6th Cir. 2021) (alteration in original) (quoting *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008)). "Reasoned judgments about the appropriate length of a sentence are largely for trial courts, not appellate courts." *United States v. Johnson*, 934 F.3d 498, 502 (6th Cir. 2019). In sum, Brady has not shown that his sentence is procedurally unreasonable. He has also failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable.

## III. CONCLUSION

For all the reasons set forth above, we **AFFIRM** the judgment of the district court.